## Alpheus Hardy & others *vs.* Union Mutual Fire Insurance Company.

A policy of insurance which contains a provision that if the assured "shall hereafter make any other insurance on the property hereby insured, and shall not obtain the consent of this company thereto, or have such consent indorsed upon this policy, then this insurance shall be void and of no effect," is not defeated by the taking of a subsequent policy upon the same and other property, which is invalid by reason of a failure to disclose certain essential facts, although such consent is not so indorsed upon it, or obtained of the company. And the assured may set up the invalidity of the second policy, although, after the loss, they had the defendants' consent thereto indorsed upon another similar policy issued by them, upon the other property which that policy covered, and although they received the full amount of it from the insurers.

If an application for insurance to a mutual fire insurance company is expressly made a part of the policy, and contains a clause inserted after the printed questions by which the applicant covenants that "the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, or are material; and or all the facts inquired for;" the omission to disclose several buildings within one hundred feet of the property insured, in reply to a question, "What is the distance and direction from each other, and from other buildings within one hundred feet, and how are such other buildings occupied? Make plan on back hereof, showing the relative position of all the buildings," will avoid the policy, although such omission is not material, and the application also contains a provision that the applicant further agrees that "the misrepresentation or suppression of material facts shall destroy his claim for damage or loss," and an article of the by-laws, subject to which the policy was issued, provides that "any policy issued by this company shall be void, unless the assured shall have made in his application for insurance a true representation of the risk."

CONTRACT on a policy of insurance for $3000, upon the plaintiffs' brick warehouse in Broad Street, in the city of Boston, issued by the defendants on the 14th of November 1857, to expire November 1st 1864. The policy contained the following provision : " If the said insured, or their assigns, shall hereafter make any other insurance on the property hereby insured, and shall not obtain the consent of this company thereto, and have such consent indorsed upon this policy, then this insurance shall be void and of no effect."

At the trial in the superior court, before *Lord,* J., the defendants admitted the making of the policy, the plaintiffs' title, and a total loss ; and put in evidence a policy upon the same property and an adjoining building issued by the Holyoke Mutual Fire Insurance Company, dated September 17, 1858, and the application therefor. The latter policy contained an express provision making the application a part thereof. The application contained a clause inserted after the printed questions, the material portions of which were as follows : " And the said applicant hereby covenants and agrees to and with the said company that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, or are material ; and of all the facts inquired for. . . . . . The applicant further agrees that the misrepresentation or suppression of material facts shall destroy his claim for damage or loss." The 13th article of the by-laws, subject to which the policy was issued, provided that " any policy issued by this company shall be void, unless the assured shall have made in his application for insurance a true representation of the risk." The 5th printed question in this application was as follows : " What is the distance and direction from each other, and from other buildings within one hundred feet, and how are such other buildings occupied ? Make plan on back hereof, showing the relative position of all the buildings." The answer to this question was, " See plan." A plan was made on the back of the application containing a sketch of several adjacent buildings, but

with no statement of distances, or description of how they were occupied, except by calling them " Store; " and it was admitted that there were several buildings within one hundred feet of the insured premises which were not shown on the plan. The defendants offered evidence tending to show that the buildings so omitted were not material to the risk.

The plaintiffs admitted that this policy was issued by the Holyoke company, and that the loss was paid under it; but contended that it was invalid.

The defendants offered evidence tending to show that at the time this loss was paid the officers of the Holyoke company had such information respecting the circumstances now relied upon by the plaintiffs to invalidate the policy, that the money so paid could not be recovered back by them; and that after the loss the plaintiffs, at the defendants' suggestion, notified them of the existence of the Holyoke policy, and had such notice indorsed on another policy of the defendants upon the adjoining building, the plaintiffs then supposing the Holyoke policy to be valid.

Upon these facts, the judge directed the jury to return a verdict for the plaintiffs, which was accordingly done; and the case was reported for the determination of this court.

*P. W. Chandler & G. O. Shattuck,* for the plaintiffs.

*W. G. Russell,* for the defendants. The rule of law established by *Clark* v. *New England Ins. Co.* 6 Cush. 342, allowing a plaintiff to maintain the validity of his policy by showing his subsequent policy to be void by reason of his own misrepresentation or fraud, is in direct opposition to the decision of the supreme court of the United States, and to the most recent decision of the court of appeals in New York. *Carpenter* v. *Providence Ins. Co.* 16 Pet. 495. *Bigler* v. *New York Ins. Co.* 22 N. Y. 402. It is contrary to the general maxim of law, that no man shall be allowed to take advantage of his own wrong; and it is not to be extended beyond the exact case to which it was applied. The present case is distinguishable from that in the following respects: The validity of the subsequent policy has never been questioned between the parties to it, but,

on the contrary, it has been asserted by the plaintiffs, and admitted by the Holyoke company. This payment cannot be recovered back. Besides ; the validity of that policy has been asserted by the plaintiffs to the defendants since the loss.

The Holyoke policy was not void. The covenants and answers in the application were not warranties. *Houghton* v. *Manuf. Ins. Co.* 8 Met. 114. *Underhill* v. *Agawam Ins. Co.* 6 Cush. 440. Their effect is qualified by the subsequent clause, and by the 13th article of the by-laws. *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139. The plan on its face shows that it is an imperfect answer to the question, and, by accepting a manifestly imperfect answer, the Holyoke company waived a full answer. *Allen* v. *Charlestown Ins. Co.* 5 Gray, 384. *Hall* v. *People's Ins. Co.* 6 Gray, 185. *Liberty Hall Association* v. *Housatonic Ins. Co.* 7 Gray, 261. In this respect, the present case differs from *Tebbetts* v. *Hamilton Ins. Co.* 1 Allen, 305.

DEWEY, J.* The plaintiffs were the holders of a policy of insurance on their warehouse, situated in Broad Street, in the city of Boston, executed by the defendants on the 14th of November 1857 ; and it is agreed that the warehouse was subsequently destroyed by fire, during the time covered by the policy. The plaintiffs thus present a *prima facie* case, entitling them to recover for the loss.

In answer to this, and as a justification for refusing to pay for the loss, the defendants rely upon the provision found in the policy given by them to the plaintiffs, that " if the said assured, or their assigns, shall hereafter make any other insurance on the property hereby insured, and shall not obtain the consent of this company thereto, and have such consent indorsed upon this policy, then this insurance shall be void and of no effect."

It is conceded that an instrument purporting to be a policy of insurance on the same building was obtained by the plaintiffs on the 17th of September 1858, at the office of the Holyoke Mutual Fire Insurance Company, and that the plaintiffs had neglected to obtain the consent of the defendants, and have the

---

* BIGELOW, C. J. did not sit in this case.

same indorsed on the policy. This defence is a legal one and may be set up, although, in the particular case, it was a mere oversight, and the consent would have been given as a matter of course, if asked for.

But the plaintiffs, in reply to this, deny the existence of any policy at the Holyoke office, and attempt to show that, although in form such a policy was issued, it was not a valid policy, and did not therefore defeat the prior policy given by the defendants. If such second policy was void, it did not vitiate the first. It is open to the plaintiffs to take this ground, and deny the validity of the second policy. This is fully settled as the law of this commonwealth, in the cases of *Jackson* v. *Massachusetts Ins. Co.* 23 Pick. 418, and *Clark* v. *New England Ins. Co.* 6 Cush. 353. The plaintiffs have the right to show that the policy which they received from the Holyoke company was invalid for want of compliance with the conditions stated in the same, or the requirements of the by-laws which were incorporated in the policy, and with which the plaintiffs were bound to comply.

Was this second policy void ? It is said by the plaintiffs that it was so, by reason of the answer of the applicant for insurance to the question, " What is the distance and direction from each other, and from other buildings within one hundred feet, and how are such other buildings occupied ? Make plan on back hereof, showing the relative position of all the buildings." The answer was, " See plan." But the plan annexed did not show all the buildings within one hundred feet of the insured premises. If such omission was necessarily fatal to the validity of that policy, this would show that there was no subsequent policy procured by the plaintiffs, after taking the present policy of the defendants.

But the defendants, for the purpose of controverting this position, and establishing the validity of the second policy, offered evidence tending to show that the existence of the buildings omitted to be stated on the plan accompanying the application was not material to the risk ; and the inquiry is, whether such evidence was competent ? The defendants insist that the policy is only avoided where the misrepresentation or false statement is material to the risk.

The distinction between the class of cases which have been held to fall under the rule of avoiding a policy absolutely for false answers, and those where the contrary rule has been applied of allowing the assured to show that such erroneous statement of facts was immaterial to the risk, is not perhaps as precise and satisfactory as might be desirable. As to one class of objections to an answer contained in the application, viz., that of a false answer to a direct inquiry as to a fact, this court has, in reference to mutual insurance companies, been inclined to hold the assured very strictly, while in relation to omissions to state fully as to matters not the subject of particular interrogatories, greater latitude has been allowed in permitting the party to show that the omissions or misstatements were not material to the risk. Thus in *Bowditch Ins. Co.* v. *Winslow,* 3 Gray, 415, 432, where the objection to the validity of the policy was a false answer to the question, " State whether or not incumbered, to whom, and to what amount," it was held that it did not obviate the objection arising from the falsity of the answer, that the misrepresentation was not material to the risk, and had been found so by the jury. It was objected in that case that the applicant in his application only covenanted and agreed that the foregoing was a just, true and full exposition of all the facts so far as the same were known to the applicant, and were material to the risk. It was said in reply, that the applicant also said that he held himself bound by the by-laws of the company, and that article 19 of those by-laws provided that " the applicant for insurance shall make a true representation of the property on which he requests insurance, and so far as concerns the risk and value thereof, and his title and interest therein."

It was held that under these provisions a false answer as to the amount of a mortgage on the property would constitute a defence to the action, and that the materiality of the answer as affecting the risk was not a subject of inquiry.

The application to the Holyoke Company is in direct terms, on the face of the policy, declared to be a part of the policy. The 13th article of the by-laws provides that " any policy issued by this company shall be void, unless the assured shall have made in

his application for insurance a true representation of the risk." Applying the principles of the case of *Bowditch Ins. Co.* v *Winslow*, and those of *Davenport* v. *New England Ins. Co.* 6 Cush. 340, and *Vose* v. *Eagle Life and Health Ins. Co.* 6 Cush. 42, we must hold that such a misrepresentation or false answer as is found in the present case constitutes a good defence to a suit on a policy made by a mutual insurance company. In reference to such policies, a strict adherence to their conditions and to the by-laws of the company is for the general benefit of every policy holder, as all such are members of the company, and affected by all claims for losses.

The later case of *Elliott* v. *Hamilton Ins. Co.* 13 Gray, 139, apparently qualifies the previous cases, at least so far as to hold that where an application concludes with the agreement " that it is a correct description of the property so far as regards the condition, situation, value and risk on the same," and " that the misrepresentation or suppression of material facts shall destroy his claim for damage or loss," it is not a warranty of the truth of the answers, except so far as they are material to the risk, although the policy was made subject to the by-laws, and by an article of the by-laws it was provided " that unless the applicant shall make a correct description and statement of all facts inquired for in the application, and also all other facts material in reference to the insurance, or to the risk, the policy shall be void." This case has been followed by that of *Richmondville Union Seminary* v. *Hamilton Ins. Co.* 14 Gray, 459, where the same doctrine was recognized, and it was held that under the form of that policy an omission to disclose the fact that buildings were situated nearer to the premises insured than the distance named in the answer, unless the existence of such buildings was material to the risk, would not defeat the policy. This statement was somewhat broader than the case required, as the same was stated in the report for the full court.

But these cases were followed by *Tebbetts* v. *Hamilton Ins. Co.* 1 Allen, 305, where it was held that the omission to mention several buildings within a hundred feet of the property insured, in reply to a question, " What is the distance of said

building from other buildings within one hundred feet, and how are such other buildings constructed and occupied ? " will avoid the policy. Upon recurring to the application and policy in that case, and comparing the same with the case of *Elliott* v. *Hamilton Ins. Co.*, it will be found that they have similar provisions as to making the written application of the assured and the by-laws of the company a part of the policy, a similar provision as a by-law, and also the further provision that the representation shall be a warranty of the facts stated. The only ground for a distinction between the two cases was the difference in the statement at the close of the application and answers to the interrogatories propounded to the party applying for insurance. The concluding part of the answer in the case of *Elliott* v. *Hamilton Ins. Co.* has been already stated. That of the applicant in the case of *Tebbetts* v. *Hamilton Ins. Co.* was thus : the applicant " covenants and agrees with said company that the foregoing is a correct statement and description of all facts inquired for, or material in reference to this insurance ; " " the applicant further agrees that the misrepresentation or suppression of material facts shall destroy his claim for a damage or loss." The difference between these two statements was held sufficient to change the result, and in the latter case this court held the policy void. It is true that in the latter case there was one provision in the by-laws which is not found in the present case, viz : that " the application upon which a policy is founded shall be held to be a warranty on the part of the assured, and as absolutely a part of said policy and of the contract of insurance as if it were actually incorporated therein in full." The like provision was found in the case of *Elliott* v. *Hamilton Ins. Co.*, where the policy was held a valid one, and of course the omission or existence of this by-law was not necessarily decisive on the question of the validity of the policy.

The present case has the statement at the close of the application in language somewhat differing from either of these cases, although in part it is similar to each of them. Thus it is covenanted and agreed with the company " that the foregoing is a just, full and true exposition of all the facts and circumstances

in regard to the condition, situation, value and risk of the property to be insured, so far as the same are known to the applicant, or are material; and of all the facts inquired for."

. . . The applicant further agrees " that the misrepresentation or suppression of material facts shall destroy his claim for damage or loss." Taking the first part of this statement, it will be found to be quite similar to that in the case of *Elliott* v. *Hamilton Ins. Co.*, where, by the effect given to the whole language of the application, the false statement in it was held not fatal to the policy, unless the same was material to the risk. But the statement goes further, and contains the additional stipulation, deemed so material in the case of *Tebbetts* v. *Hamilton Ins. Co.*, that the assured covenants and agrees that the answer is a full and true answer " of all the facts inquired for." This makes the present case more analogous to the latter of those cited, and may distinguish it from the former.

Giving effect to the case of *Tebbetts* v. *Hamilton Ins. Co.*, and applying the principles sanctioned by this court in the earlier cases that have been mentioned, we are of opinion that the answer to the inquiry, " What is the distance and direction from each other and from other buildings within one hundred feet, and how are such other buildings occupied ? Make plan on back hereof, showing the relative position of all the buildings," was such an omission to answer fully and truly " as to all the facts inquired for" as avoids the policy issued thereon ; it being admitted that there were several buildings within one hundred feet of the insured premises, which were not shown on the plan. The question whether the existence of the buildings which were thus omitted to be stated was material to the risk is not open and the court properly refused to submit that question to the jury. See also *Abbott* v. *Shawmut Ins. Co.* 3 Allen, 213.

It is further objected that, however it may be as to the invalidity of the policy obtained at the office of the Holyoke company, yet, inasmuch as the plaintiffs have, since the loss, at the suggestion of the defendants, had that policy, with their consent thereto, indorsed on another policy of the defendants, covering an adjoining building, and more especially because the plaintiffs

have received since the loss the amount of their stipulated insur-
ance from the said Holyoke company, the plaintiffs are estopped
to avail themselves thereof. As to this indorsement, it only shows
that the plaintiffs supposed at that time the policy was a good
one. And as to the other objection, the point of the inquiry is,
whether in fact, at the time of the loss, the plaintiffs had a valid
claim against the defendants upon their policy. They had such
a claim, if the second policy was then invalid; as the taking of
an invalid policy did not constitute a breach of the contract
existing between the plaintiffs and defendants in reference to a
subsequent policy. They had no legal claim upon the alleged
subsequent policy.

Whether a voluntary payment by the Holyoke company of a
loss under that policy can be recalled, is a question not necessary
to be settled in the present case. We have only to deal with
the question whether, during the existence of the policy of the
defendants, and before the loss occurred, the plaintiffs had taken
a second valid policy. The facts which occurred subsequently
to the loss do not constitute a case of estoppel in favor of the
defendants. They have not been injuriously affected thereby,
and the same cannot alter the rights of the parties in the pres-
ent suit. *Philbrook* v. *New England Ins. Co.* 37 Maine, 137.

*Judgment on the verdict for the plaintiffs.*