# Woodward to use *v.* Pittsburg Underwriters, Appellant.

*Insurance—Fire insurance—Ownership of property.*

In an action upon a policy of fire insurance, it appeared that the policy was taken out in the name of two men as partners.  The policy provided that in determining the liability of the company the total insurance, whether valid or not, was to be taken into consideration.  The goods were also insured in another company.  One of the partners retired and assigned his interest to the plaintiff.  The defendant company indorsed upon its policy its consent to the transfer, but no such consent was obtained from the second company.  After a fire the plaintiff submitted to the second company a proof of loss in which it was stated that the property belonged to the partnership.  In the proof of loss submitted to the defendant company it was stated that it partly belonged to the plaintiff. *Held,* that the false statement made to the second company did not relieve the defendant company from its liability on the policy.

Argued April 30, 1909.  Appeal, No. 186, April T., 1909, by defendant, from judgment of C. P. Washington Co., Nov. T., 1907, No. 110, on verdict for plaintiff in case of Woodward & Gallagher to use of J. K. Gallagher *v.* Pittsburg Underwriters. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.  Affirmed.

Assumpsit on a policy of fire insurance.  Before McIlvaine, J.

Verdict and judgment for plaintiff for $850.  Defendant appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*W. K. Jennings,* with him *D. C. Jennings* and *J. P. Miller,* for appellant, cited: Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; Moore v. Ins. Co., 28 Grattan, 508; Hamberg v. Ins. Co., 68 Minn. 335 (71 N. W. Repr. 388); Home Ins. Co. v. Connelly, 104 Tenn. 93 (56 S. W. Repr. 828); Dohmen Co. v. Niagara Fire Ins. Co., 96 Wis. 38 (71 N. W. Repr. 69); Maher v. Ins. Co., 67 N. Y. 283.

*R. W. Irwin,* with him *Jas. A. Wiley,* for appellee, cited: Franklin Fire Ins. Co. v. Updegraff, 43 Pa. 350; Hanscom v. Ins. Co., 90 Me. 333 (38 Atl. Repr. 324).

OPINION BY ORLADY, J., July 14, 1909:

Woodward and Gallagher were partners conducting a general merchandise store. The partnership property was insured in five companies, upon a single policy issued under the name of the Pittsburg Underwriters, a local insurance association. Subsequent to the issuance of this policy, Woodward sold his interest in the stock of goods to Gallagher, who continued the business in his own name. The local agent of the association indorsed upon its policy the consent of that company to the transfer of Woodward's interest to Gallagher, but such a consent was not noted on the policy of the German Fire Insurance Company, one of the five companies composing the Pittsburg Underwriters. A fire occurred which destroyed the entire stock of goods. On the trial of the case in the court below two defenses were interposed. First, that the claim for loss and damage by fire was greatly exaggerated and in excess of the actual loss, which question is disposed of by the verdict in this case. Second, that the insured had made false and contradictory statements in his proofs of loss in relation to the ownership of the property contrary to the provisions of the policy.

The second contention is based upon the fact that in the proof of loss served upon the defendant company, which was sworn to by John K. Gallagher, he stated that the property described in the policy belonged at the time of the fire to John K. Gallagher, and that no other person or persons had any interest therein. At the time said insurance was effected the property described in said policy belonged to Woodward and Gallagher. In the proof of loss served upon the German Fire Insurance Company, Gallagher made an affidavit declaring that the property described in that policy belonged at the time of the fire to S. L. Woodward and John Gallagher, and that no other person or persons had any interest therein. The proofs of loss were made out on the same day and sworn to before the same notary, and an examination of them demonstrates that the

statements contained in the proof of loss furnished the German Fire Insurance Company are not consistent with the statements contained in the other proofs. The explanation offered at the time of the trial was that because the consent of the German Fire Insurance Company was not indorsed upon the policy for the transfer of Woodward's interest to Gallagher, under advice of counsel and with the knowledge of the agent of the underwriters' association, Gallagher made the required affidavit so as to conform to the facts as understood by the parties, and as, from their standpoint, was apparently made necessary by the omission to have the German Fire Insurance Company indorse its consent to the policy continuing in force on the property of Gallagher after he had purchased the interest of Woodward. The true facts of the case were known to all the parties to this transaction, and a full explanation of it was made to the jury, showing that the misstatements were not designedly false.

The situation thus developed satisfied counsel for Gallagher that no action could be maintained against the German Fire Insurance Company by reason of this defect, and no suit was brought on that policy. The defense here urged would be good as against the German Fire Insurance Company, but in light of the explanation offered on the trial it cannot avail against the present defendant. Even if suit had been brought by the appellee against the German Fire Insurance Company on its policy of insurance, the result of that suit could not affect the liability of this appellant. By a clause in the policy it is further provided that this company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property.

Assuming that the German Fire Insurance Company's policy had been forfeited by the failure of the company's agent to indorse upon the policy its consent to the transfer of Woodward's interest to Gallagher, still the amount of insurance included in that policy would have to have been counted in with the other policies in order to ascertain the aggregate of the insurance, and

the appellant's liability for loss occasioned by the fire would bear the same proportion to the total loss that the amount of this policy bore to the total insurance in force. The misstatements or false statements, as they may be called, made in the proof of loss furnished to the German Fire Insurance Company, do not affect this appellant, because if the appellee cannot collect his insurance from the German Fire Insurance Company, that does not increase the liability of the appellant, as its policy provides that in determining the liability of the appellant, the total insurance, whether valid or not, must be taken into consideration.

The case was fully considered in the court below and this phase of it explained to the jury. The assignments of error are overruled. The judgment is affirmed.