# Moore *v.* Farmers' Mutual Fire Insurance Company, Appellant.

*Insurance—Fire insurance—Void policy—Other insurance—Settlement of claim.*

1. Where a person procures policies of fire insurance in two different companies and both policies contain provisions to the effect that other insurance will render the policy void, the first policy is valid and the second void; and a compromise of the second policy, although it is void, will not defeat the rights of the insured to recover on the first policy.

2. A person took out a policy of fire insurance which provided that "all policies in this company shall be null and void whenever buildings or their contents are insured in other companies." He thereafter took from a second company a policy which provided that "the entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy." No reference was made in the second policy to the prior insurance. After the property in-

542 MOORE *v.* FARMERS' M. F. INS. CO., Appellant.

sured was destroyed by fire, the insured compromised and settled with the second company, and received a payment from it on account of his loss. *Held*, (1) that the first policy was not rendered void by the taking out of the second policy; and (2) that the settlement with the second company did not render the first policy void.

Argued Nov. 25, 1910.   Appeal, No. 229, Oct. T., 1910, by defendant, from judgment of C. P. Bradford Co., Sept. Term, 1909, No. 320, on case tried by the court without a jury in case of L. L. Moore v. Farmers' Mutual Fire Insurance Company of Tuscarora.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit upon a policy of fire insurance.

FANNING, P. J., filed the following opinion:

This case came on for trial December, 1909.   At the conclusion of the testimony, it being conceded that legal questions only were involved, an agreement was made that a juror be withdrawn, the case continued and submitted to the court for disposition.

### FACTS FOUND

1. L. L. Moore was the owner of a farm in Rome township purchased of John E. Gillett.   He effected an insurance, policy No. 2927, March 14, 1908, of $800 upon his barn there situate and $500 upon grain, stock and farming tools in the Farmers' Mutual Fire Insurance Company of Tuscarora, a domestic corporation.

2. Said barn and contents were totally destroyed by fire November 9, 1908, of which due and timely proof was given to the defendant company.

3. November 23, 1908, the value of the barn was fixed by the appraisers at $1,200, and the personalty at $653.35, or a total of $1,853.35, and two-thirds of said amount, which was the extent of the liability of the company under the policy, was fixed and agreed upon at $1,235.57, to which by the terms of the policy and adjustment made pursuant thereto plaintiff was entitled.

4. At the time proofs of loss were prepared in accordance with the adjustment, L. L. Moore made oath to a statement that he had no other insurance on the property burned.

5. Three days prior to that adjustment, to wit, November 20, 1910, plaintiff made proof of loss to the Liverpool & London & Globe Insurance Company, which said company had written a policy on the same property about thirty days after the issuance of the policy in the Farmers' Mutual Fire Insurance Company of Tuscarora, the same bearing date April 13, 1908. These proofs of loss also contained a statement under oath that L. L. Moore had no other insurance upon the property burned. The loss was also adjusted by the said Liverpool & London & Globe Insurance Company and an agreement made to pay, less 1 per cent discount, $1,154.18.

6. Neither company had knowledge at the time of the adjustment of the loss that plaintiff carried insurance in the other, but an affidavit was made as stated to each company that there was no other insurance on the property.

7. The history of the case so far as relates to the Liverpool & London & Globe Insurance Company is in brief as follows, that L. L. Moore when he purchased his farm upon which said barn was located, took out a policy of insurance in said company payable to John E. Gillett in case of fire as his interest might appear to secure balance of purchase money. This policy expired March 12, 1908. Two days later plaintiff took out his policy in the defendant company, although application had been made therefor about the first of the same month. A contract of insurance could not be made by the defendant company according to the by-laws on property insured in another company.

8. April 13, as stated, a policy was issued to him on the same property by the Liverpool & London & Globe Insurance Company. This was doubtless procured for the benefit of the judgment creditor, Mr. Gillett, as the defendant company has no provision authorizing payment

to a creditor of the assured. The said company without knowledge of any other insurance adjusted the loss and paid to John E. Gillett, the judgment creditor, the sum of $1,154.16. Upon receipt of information that the plaintiff was insured or had a policy in the defendant company, the Liverpool & London & Globe Insurance Company demanded repayment of said sum which was refused by said Gillett and the matter was finally adjusted by said Moore paying or refunding to said company the sum of $520.18. The amount retained being $634.

9. The total value of plaintiff's property destroyed was estimated at $1,853.35. The defendant company adjusted the loss at two-thirds of its value or $1,235.57, and the Liverpool & London & Globe Insurance Company at $1,154.18 or a total of $2,389.75 or $536.45 more than the property was worth in case of payment of both companies.

10. A clause in the Liverpool & London & Globe Insurance Company policy reads as follows: "The entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy."

11. Article 8 of the by-laws of the Farmers' Mutual Fire Insurance Company of Tuscarora provides, "All policies in this company shall be null and void whenever buildings or their contents are insured in other companies." The defendant company is composed wholly of farmers and declines to assume the risk of property upon which there is other insurance.

DISCUSSION

That the contract of insurance with the Farmers' Mutual Fire Insurance Company was valid when written and up to the time of taking out a policy in the Liverpool & London & Globe Insurance Company is not questioned.

If the policy in the last-named company was valid, the

defendant is relieved from all liability because it was provided and made one of the conditions of the contract with the former, and subject to which it was accepted that insurance in any other companies would render the policy null and void. Whether the plaintiff had insurance in the Liverpool & London & Globe Insurance Company becomes a question important for consideration.

Cases have frequently arisen where the insured procured policies in two companies, both containing provisions to the effect that other insurance must be noted on the policy or the same would be void.

Although not in entire harmony, the rule deducible from the authorities where conditions as in this case have not been complied with, appears to be that the first policy is valid and the second void.

In order to relieve the first company from liability the second contract must be one that is valid and enforcible.

Flanders on Fire Insurance, 57, sec. 9, states the rule as follows: "It is well settled that, if the second policy against which the contract stipulates is itself a void one, or one that cannot be enforced, it does not void the first, notwithstanding the clause of forfeiture."

The following is from 2 Wood on Fire Insurance (2d ed.), sec. 372, "A condition that if other insurance shall be obtained without the consent of the company, the policies shall be void, only related to other valid insurance, and the policy is not voided by the procurement of other policies, that, for any cause, are invalid, but the entire invalidity of such other insurance must be established. The other policy or policies must at the time of the loss have been inoperative, so that no action could be maintained to enforce them. It is not necessary that they should have been absolutely void. It is sufficient if they were voidable. 'There is an intrinsic absurdity,' says BELL, J., 'in holding that to be an insurance by which another is bound to make good another's loss, only in case he pleases to do it.' "

That the principle above stated is recognized as law

in Pennsylvania appears from the case of Stacey v. Franklin Fire Insurance Co., 2 W. & S. 506, decided in 1841, where it was said by ROGERS, J. (544), "If the plaintiffs have failed to perfect their contract with a subsequent underwriter, by omitting to have the prior insurance allowed of and specified as is required, it is difficult to imagine in what way the prior insurance can be invalidated or affected. It is a vain, nugatory and void act. . . . The assurance to avoid the policy must be a valid and legal policy and effectual and binding upon the assurers."

The same principle is recognized in Mitchell v. Ins. Co., 51 Pa. 402, and decisions of other states.

It is contended on the part of defendant, that the mere act of taking a policy in the Liverpool & London & Globe Insurance Company voided the contract with the Farmers' Mutual Fire Insurance Company; that immediately this was done it became lifeless and of no effect. To have this effect the second contract of insurance must have been valid and enforcible. Some contracts provide in effect that the taking out of a policy of insurance in another company, even though invalid, relieves the company from liability. This is not one of the conditions of defendant company's policy.

The difference between a policy and a valid, effectual contract of insurance is tersely stated by SCUDDER, J., in Jersey City Ins. Co. v. Nichol, 35 N. J. Eq. 291, as follows: 'We are also justified in holding that the word 'insurance' used in the first policy, is not equivalent to the word 'policy,' and that the subsequent policy obtained, being no insurance, creates no forfeiture. There can be no other reasonable conclusion; for a contract of insurance is a contract of indemnity, and if there be no indemnity by its terms, and the contract is void, then there is no insurance, though there may be a policy of insurance in form. The call for an insurance, in fact, is not met by the formal execution of a contract for insurance which is defeated as soon as it is made, by one or more of the provisions or conditions contained in it."

In the case of Marshall v. Ins. Co., 28 W. N. C. 283, cited by defendant the first policy contained a provision that it should be "sunk" if other insurance was obtained on the property. Other policies were taken out some of which contained no clause against additional insurance. The same being valid worked a forfeiture of the first policy.

As before stated the Liverpool & London & Globe Insurance Company contained the provision "The entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy." Giving this language its ordinary effect, this company was not liable because of the omission to make the proper indorsement upon or in addition to the policy.

We are forced to the conclusion that when Moore took out this policy he did not obtain any other insurance for the reason that the policy so issued was void from the beginning and imposed no liability which could be enforced against the company.

If this conclusion is correct the plaintiff is entitled to recover from the Farmers' Mutual Fire Insurance Company unless precluded by some other reason. Had the Liverpool & London & Globe Insurance Company waived compliance with the provisions of its policy then a contract of insurance would have been in force and the defendant company relieved from liability. It cannot be successfully urged that there was a waiver prior to the fire because the company under the undisputed evidence had no knowledge of any prior insurance whether valid or not until after the adjustment and payment of the loss. This company was in no way liable to Moore.

From the testimony the conduct of Moore is difficult to understand. The fact, however, that after being apprised of the situation the Liverpool & London & Globe Insurance Company demanded the return of the amount paid under

a supposed liability and compromised with the plaintiff, Moore, instead of resorting to legal proceedings in no way affected the liability of the defendant company.

Thus in Firman's Insurance Company v. Holt, 35 Ohio St. 189, it was held, "Compromise, settlement and payment on a subsequent void policy, is not a matter of defense to an action on a prior policy. A policy procured by assured which is invalid by reason of breach of some condition contained therein is not other insurance. Nor does the fact that the other company compromised with and paid the assured, avail the defendant in a suit upon the prior policy wherein such defense is set up:" Clement's Insurance Digest, 202, secs. 78, 79, etc.; 7 Am. & Eng. Ency. of Law, 1013; Hardy v. Ins. Co., 86 Mass. 217.

If correct in our conclusion that the second policy was invalid, that it was not a subsisting enforcible contract, then the statement made and sworn to by plaintiff in making out proofs of loss against the defendant company, to the effect that he had no other insurance, was in a legal sense true. Whatever the effect of his statement and liability incurred, civil or criminal, in making proof of loss to the London & Liverpool & Globe Insurance Company in no way relieved the defendant company.

In the case of Jersey City Ins. Co. v. Nichol, 35 N. J. Eq. 291, where two policies were issued on the same property each containing a provision that if the assured shall have, or shall thereafter make, any other insurance on the property, without the consent of the company written thereon, then the policy shall be void, it was held that although there was a second policy, there was no fraud in the statement in proof of loss, that there was no other insurance, if the second policy was never effected. The same general principle is recognized in Woodard v. Pittsburg Underwriters, 40 Pa. Superior Ct. 143.

There is no provision invalidating defendant's contract in case the assured takes out a policy in another company which may be invalid as provided by some companies, nor is there in the policy any allusions to misrepresentation

by the assured after the loss touching the subject-matter of insurance.

Under the facts disclosed we are of the opinion that plaintiff is entitled to recover.

And now, September 12, 1910, judgment is directed to be entered in favor of the plaintiff and against the defendant company for $1,357.06, and costs.

*Error assigned* was the judgment of the court in favor of the plaintiff.

*D. C. DeWitt*, with him *William Maxwell*, for appellant, cited: Mitchell v. Ins. Co., 51 Pa. 402; Lancaster Silver Plate Co. v. Fire Ins. Co., 170 Pa. 151; Suggs v; Ins. Co., 9 Ins. L. J. 657; David v. Ins. Co., 13 Iowa, 69. Bahner v. Ins. Co., 127 Pa. 464.

*J. R. Lilley*, of *Lilley & Wilson*, for appellee, cited: Stacey v. Fire Ins. Co., 2 W. & S. 506; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 402; Knapp v. North Wales Live Stock Ins. Co., 11 Montgomery County Reps. 119; Jackson v. Ins. Co., 40 Mass. 418; Clark v. Ins. Co. 60 Mass. 342; Sweeting v. Ins. Co., 32 L. R. A. 570; Thomas v. Ins. Co., 119 Mass. 121; Firman's Ins. Co. v. Holt, 53 Ohio St. 189; Hardy v. Ins. Co., 86 Mass. 217.

OPINION BY MORRISON, J., March 3, 1911:

This is an action of assumpsit brought on a policy of insurance issued by appellant, to recover loss sustained by the destruction of the insured property by fire. After the case was at issue, the parties, by writing filed, waived a jury trial and submitted the case to the court below, who found the facts and filed an opinion directing judgment to be entered in favor of the appellee and against the appellant for $1,357.06.

A careful examination of the pleadings, testimony, findings of fact, opinion and judgment of the court, and the assignments of error and the arguments of the learned

counsel, lead us to the conclusion that the judgment is correct. Upon the findings of fact, which are not excepted to, and the opinion of the court and the authorities therein cited, we think the judgment fully vindicated and we cannot profitably add anything to what has been so well said by the court below.

The assignments of error are all dismissed and the judgment is affirmed.