## Badolato v. Commonwealth Mutual Life Insurance Company

*V. Canuso*, for plaintiff.

*J. W. Jones*, for defendant.

WINNET, J., December 31, 1947.—Plaintiff was the owner of a Chrysler sedan which was insured with the Lumbermen's Mutual Casualty Company against liability for personal injuries and property damage and loss by collision, fire and theft. On November 27, 1946, the Chrysler was eliminated from the policy and a DeSoto substituted. On December 18, 1946, plaintiff executed a chattel mortgage on the DeSoto to the Preferred Purchase Plan, Inc., to secure repayment of the sum of $1,158. On the same day defendant, Commonwealth Mutual Fire Insurance Company, issued its policy of insurance to plaintiff insuring the automobile against loss or damage. This policy of insurance was part and parcel of the refinancing of the automobile by the Preferred Purchase Plan, Inc., the policy listing it as owner and lessee and noting the sum of $1,158 as remaining unpaid.

On January 12, 1947, the automobile was stolen, resulting in a loss to plaintiff of $2,013. Notice of the loss was duly given to defendant through the Preferred Purchase Plan, Inc. Defendant has denied liability on the ground that the insurance with the Lumbermen's Mutual Casualty Company voided its policy with plaintiff.

There is no factual dispute between the parties. At the conclusion of the trial both parties submitted points for binding findings. In the brief submitted by defendant, however, the burden of the argument is that defendant's liability is on a pro rated share with the Lumbermen's. This argument is based on a clause in the policy under "Conditions Relating to Loss" (line 197):

"If the Insured has other insurance against a loss covered by this Policy, the Company shall not be liable under this Policy for a greater proportion of such loss than the applicable limit of liability stated in the Declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Was there other insurance against loss or damage in existence? This can only be answered by examining the policy of the Lumbermen's Mutual Casualty Company. The policy as originally written had a comprehensive coverage including loss through fire and theft. This coverage was retained when the substitution of the DeSoto was made on November 27, 1946. In the provisions of the policy the following is listed under "Exclusions":

"This policy does not apply . . . under coverages C, E, F and G while the automobile is subject to any bailment lease, conditional sale, mortgage or other encumbrance not specifically declared and described in this policy."

It is admitted that there was a chattel mortgage in existence, which was not declared in the policy. It follows, therefore, that coverage E of the Lumbermen's policy which insured plaintiff against loss or damage through theft, was eliminated from the Lumbermen's policy. The effect, therefore, was to leave plaintiff with no insurance for this type of loss other than that which was in force with defendant.

Many erudite propositions of law have been submitted to the court. The issues involved seem to us too simple to enter into a discussion of them. There can be no doubt of the insurable interest of plaintiff as a lessee or bailee and his right to recover damages for the entire loss to the automobile. Plaintiff's contractual rights with the Preferred Purchase Plan, Inc., other than the existence of the chattel mortgage, are of no concern to defendant. The fact that plaintiff has not paid the Preferred the amount of the lien is also immaterial to the issues here involved. Neither is there a problem of pro rating insurance in view of the decision herein being made.

The sole question is whether under the terms of the policy there was "other insurance against a loss covered" by defendant's policy. Since the policy of the

Lumbermen's excluded by its terms loss or damage by theft or fire while the automobile is subject to an undeclared bailment lease or mortgage, there was no other such insurance. To put it another way, the insurance of the Lumbermen's became invalid by the creation of the chattel mortgage. A pro rata provision in a policy is only applicable where there is other insurance to prorate: Stacey v. Franklin Fire Insurance Co., 2 W. & S. 506. Where other insurance has become invalid the pro rata provision does not apply, unless the contrary is expressly provided for in the policy: Bateman v. Lumbermen's Insurance Co., 189 Pa. 465; Woodward, to use, v. Pittsburgh Underwriters, 40 Pa. Superior Ct. 143. In both of these cases the loss was pro rated because of the expressed provisions in the policies requiring prorating, whether the insurance was "valid or invalid".

The court finds, therefore, for plaintiff in the sum of $2,013, with interest from January 12, 1947, amounting to $117.08, or in the sum of $2,130.08.

Defendant's point for binding finding is refused and exception noted.